## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BELLE FOODS, LLC, | ) | **Chapter 11** |
| | ) | **Case No. 13-81963-JAC11** |
| Debtor. | ) | |

## DEBTOR'S MOTION TO MODIFY THE FINAL DIP ORDER

**COMES NOW**, Belle Foods, LLC ("Belle Foods" or "Debtor"), as debtor and debtor in possession, and moves this Court to enter an order modifying this Court's *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (A) Authorizing Postpetition Financing, (B) Authorizing Use of Cash Collateral, (C) Granting Adequate Protection, and (D) Granting Related Relief* [Docket No. 340] (the "Final DIP Order")[1], entered on August 12, 2013, in order to extend the term of the DIP Facility and Debtor's use of Cash Collateral. In support of this Motion, Debtor states as follows:

### JURISDICTION AND VENUE

1.      On July 1, 2013 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. Debtor continues to operate its businesses and manage its properties as a debtor in possession pursuant to §§ 1107(a) and 1108.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Final DIP Order.

2127081 v1

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtor's chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. On August 12, 2013, this Court entered the Final DIP Order. Pursuant to the Final DIP Order, the Court authorized, among other things, Debtor to obtain the DIP Facility from the Lenders.

4. Under the Amended DIP Term Sheet, which was approved by the Final DIP Order, the term of the DIP Facility and Debtor's use of Cash Collateral is until the earlier of October 18, 2013 or the occurrence of the Effective Termination Date.

5. On September 27, 2013, the Court entered that certain *Order (A) Approving Asset Purchase Agreement by and between Belle Foods, LLC and Associated Wholesale Grocers, Inc., (B) Authorizing (I) Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and interests and (II) Assumption and Assignment of Leases and (III) Buyer's Lease Designation Rights and (C) Related Relief* [Docket No. 605] (the "Sale Order").

6. Pursuant to the Sale Order, the Court approved the sale of certain of Debtor's assets to AWG, or certain Ultimate Purchasers, pursuant to the Asset Purchase Agreement (the "APA") attached as Exhibit "A" to the Sale Order. Under the terms of the APA and the Sale Order, all transactions contemplated by the APA were to be closed by October 18, 2013.

7. Though Debtor, AWG, and the Ultimate Purchasers have been working diligently to close all transactions on or before October 18, 2013, it appears as though the sale of certain of the assets being sold pursuant to the APA will need to close after October 18, 2013.

Case 13-81963-JAC11    Doc 668    Filed 10/18/13    Entered 10/18/13 09:14:09    Desc
Main Document    Page 2 of 26

Contemporaneously with the filing of this Motion, Debtor is filing a motion to modify the APA and the Sale Order to extend the deadline for all closings to occur to October 25, 2013.

8.      In order to finalize the closings of all transactions contemplated by the APA, which inures to the benefit of the Lenders and Debtor's creditors, Debtor requires an extension of the term of the DIP Facility and its use of Cash Collateral.

9.      An extension of the term of the DIP Facility and use of Cash Collateral will also permit Debtor to continue administering the estate in an orderly fashion and thus maximize value for its creditors.

**RELIEF REQUESTED**

10.     By this Motion, Debtor requests that this Court approve the modification of the Final DIP Order in order to extend the term of the DIP Facility through and including the earlier of November 8, 2013 or the occurrence of the Effective Termination Date and Debtor's use of Cash Collateral upon the terms and conditions set forth in the proposed Order granting this Motion attached hereto as Exhibit "A."

**WHEREFORE** Debtor respectfully requests that the Court enter an Order, in the form of the proposed order attached hereto as Exhibit "A," granting this Motion, and for such other and further relief as this Court deems just and appropriate.

/s/ Brent W. Dorner
D. Christopher Carson
Marc P. Solomon
Brent W. Dorner

Attorneys for Debtor
BELLE FOODS, LLC

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**EXHIBIT "A"**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **BELLE FOODS, LLC,** | ) **Chapter 11** |
| | ) **Case No. 13-81963-11** |
| **Debtor.** | ) |

## MODIFICATION OF FINAL DIP ORDER

The Court, having entered on August 12, 2013, the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364 and 507 (A) Authorizing Postpetition Financing, (B) Authorizing Use of Cash Collateral, (C) Granting Adequate Protection, and (D) Granting Related Relief* [Docket No. 340] (the "Final DIP Order"), and having been advised that Belle Foods, LLC, as debtor and debtor in possession ("Debtor") and the Lenders (as defined in the Final DIP Order) agree to the relief as set forth herein, and after due deliberation and good and sufficient cause appearing therefore, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.        **Jurisdiction and Venue**. This Court has subject matter jurisdiction over this proceeding and property affected hereby under 28 U.S.C. § 1334. This proceeding is a core matter under 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2.        **Extended Use of DIP Facility**.  Through and including the earlier of **November 8, 2013** or the occurrence of the Effective Termination Date as defined in the Amended DIP Term Sheet[1] (the "Extended Maturity Date"), subject to the budget (the "Extended Budget") attached hereto as Exhibit A, Debtor shall be permitted to request additional Loans (the

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Final DIP Order.

{369.012-W0028263.3}
2126738 v2

"Extended DIP Loans") under the DIP Facility according to the terms and conditions set forth in the Final DIP Order and Amended DIP Term Sheet that apply to the request and use of Loans, provided, however, that (1) in lieu of funding Extended DIP Loans with a credit under the C&S Supply Agreement as provided in the Amended DIP Term Sheet, the Lenders shall fund Extended DIP Loans in cash; (2) the Commitment Amount shall be increased to $39,050,000.00 (being the sum of the Roll Up in the amount of $33,300,000.00 and new money lending in the amount of $5,750,000.00); and (3) the Maturity Date under the DIP Facility (the "Original Maturity Date") is extended to the Extended Maturity Date solely with respect to any Extended DIP Loans.  For the avoidance of doubt, (1) Lenders shall have no obligation to fund any request for an Extended DIP Loan that is inconsistent with the Extended Budget or that is made after the Extended Maturity Date, and (2) the Extended Budget shall terminate upon the occurrence of the Extended Maturity Date.

3. **Initial Extended DIP Loan.**  Notwithstanding the provisions of this Order governing the surrender of Remaining Property to the Lenders, Debtor shall be permitted to retain cash in the amount of $1,450,000 (the "Initial Extended DIP Loan"), which shall be deemed in all respects to be an Extended DIP Loan subject to the terms of this Order and the Final DIP Order, but not subject to the Loan request requirements provided by the same.  The Initial Extended DIP Loan shall be used solely to fund anticipated expenses of the estate from the date of the entry of this Order through October 26, 2013, as provided in the Extended Budget.

4. **Extended Use of Cash Collateral**.  Debtor is permitted to use Cash Collateral following the Original Maturity Date only as provided in the Extended Budget.  With the exception of the Extended Budget, which shall take effect at midnight on the day following the date on which the present Budget expires, all other terms and conditions set forth in the Final

DIP Order regarding the use of Cash Collateral (including, but not limited to, adequate protection requirements) shall apply to the use of Cash Collateral following the Original Maturity Date. For the avoidance of doubt, and consistent with paragraphs 5 and 7 herein, any Cash Collateral held or used by Debtor following the Initial Remaining Property Surrender Deadline (as defined herein) shall consist only of proceeds of an Extended DIP Loan.

5.     **Transfer of Property to Lenders**.  On September 27, 2013, the Court entered the *Order (A) Approving Asset Purchase Agreement By and Between Belle Foods, LLC and Associated Wholesale Grocers, Inc., (B) Authorizing (I) Sale of Certain of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests And (II) Assumption and Assignment of Leases and (III) Buyer's Lease Designation Rights and (C) Related Relief* [Docket No. 605] (the "Sale Order"), which approved the sale (the "Sale") of certain of Debtor's assets to Associated Wholesale Grocers, Inc. ("AWG") pursuant to that certain Asset Purchase Agreement (the "APA") approved by the Sale Order.  It is hereby ordered that, consistent with paragraph 29 of the Sale Order, and effective upon entry of this Order, title to all property remaining in Debtor's estate that is excluded from the Sale (the "Remaining Property"), which includes, but is not limited to, the following property, is and shall be deemed to be transferred to the Lenders:

(a)     All Accounts (as that term is defined under the applicable provision of the Alabama Uniform Commercial Code), including all accounts receivable, vendor accounts receivable, credit card accounts, food stamp accounts, Western Union accounts, and CoinStar accounts;

(b)     All litigation claims and causes of action, including all claims and rights under or relating to any subleases where Debtor is a landlord;

(c)     All store or other coupons;

(d)     Subject to paragraph 3 hereof, all cash, deposits, negotiable instruments and securities (including, but not limited to, all cash,

Case 13-81963-JAC11    Doc 668    Filed 10/18/13    Entered 10/18/13 09:14:09    Desc
Main Document      Page 8 of 26

deposits, or other accounts or instruments securing Debtor's performance under any contract);

(e) All Excluded Personal Property and Excluded Inventory (as those terms are defined in the APA);

(f) All rights of Debtor relating to or arising out of escheatment; and

(g) Miscellaneous equipment that is located in the basement of Debtor's corporate headquarters at 800 Lakeshore Parkway, Birmingham, Alabama 35211, or in the Birmingham, Alabama warehouse owned by C&S Wholesale Grocers, Inc. or its affiliate.

Notwithstanding the foregoing, the Remaining Property shall not include (i) Avoidance Actions (as defined in the Final DIP Order) and all proceeds of Avoidance Actions, (ii) commercial tort claims against the Lenders, Directors and Officers, and insiders (as that term is defined in the Bankruptcy Code) of the Debtor; and (iii) other causes of action or claims against the Lenders, Directors and Officers, and insiders (as that term is defined in the Bankruptcy Code) of the Debtor, and title to all such property shall remain with the Debtor's estate and shall not be deemed transferred to the Lenders (the "Excluded Property"), provided, however, that all Excluded Property shall remain with the estate pursuant to this paragraph are and shall be subject in all respects to the provisions of the Final DIP Order, including, but not limited to, paragraph 24 of the Final DIP Order, the Debtor's Stipulations (as defined therein), and the Stipulation Extending the Challenge Period.   The Remaining Property also shall exclude the Real Property, which is subject to and defined in paragraph 13, below.

6. **Remaining Property Transferred Free and Clear**.  Subject to paragraph 24 of the Final DIP Order, the Remaining Property referred to in paragraph 5 above shall be transferred to the Lenders free and clear of all liens, claims and encumbrances pursuant to 11 U.S.C. §§ 105(a) and 363(f).  The Lenders have provided Debtor with reasonably equivalent value and fair consideration for the Remaining Property under the Bankruptcy Code and

Case 13-81963-JAC11    Doc 668    Filed 10/18/13    Entered 10/18/13 09:14:09    Desc
Main Document       Page 9 of 26

applicable non-bankruptcy law. For that reason, the transfer may not be avoided under 11 U.S.C. § 363(n). The Lenders have acted in good faith as that term is used in 11 U.S.C § 363(m). For that reason, any reversal or modification of this Order on appeal will not affect the validity of the transfer of the Remaining Property to the Lenders.

7.     **Remaining Property Surrender Deadline**.  Following the entry of this Order, the Remaining Property shall be held by Debtor in trust for the Lenders, and, subject to the Extended Budget, Debtor shall surrender the Remaining Property to the Lenders on or before the following dates, unless such dates are extended by the Lenders in writing: subject to paragraph 3 hereof, all cash and vendor accounts receivable by **October 18, 2013** (the "Initial Remaining Property Surrender Deadline"); other Accounts, including credit card accounts, by **October 25, 2013** (the "Final Remaining Property Surrender Deadline"); and all other Remaining Property by **October 23, 2013**.

8.     **Surrender of Extended DIP Loan Proceeds**.  Subject to and in accordance with the Extended Budget, and unless otherwise expressly consented to by the Lenders in writing, the proceeds of any Extended DIP Loan held by Debtor on the Extended Maturity Date shall be remitted to the Lenders immediately upon the occurrence of the Extended Maturity Date.

9.     **Surrender of Additional Property**.  With the exception only of the proceeds of any Extended DIP Loan (which shall be subject to paragraph 8, above), in the event that, subsequent to the Final Remaining Property Surrender Deadline, any Remaining Property, Collateral, or other property but not the Excluded Property of Debtor that has not been transferred to the Lenders in accordance with the terms of this Order ("Additional Property") is discovered in the possession of, or is received by, Debtor or any third party, such Additional Property shall be transferred to the Lenders by Debtor or such third party as soon as practicable

Case 13-81963-JAC11    Doc 668    Filed 10/18/13    Entered 10/18/13 09:14:09    Desc
Main Document      Page 10 of 26

following its discovery or receipt subject to the same terms and conditions that apply to Remaining Property that is transferred on or before the Final Remaining Property Surrender Deadline. Following the Final Remaining Property Surrender Deadline, all proceeds from the sale of any Collateral, whether pursuant to the Sale Order, APA, or otherwise, shall be remitted directly to the Lenders by Debtor, any escrow agent or title company, as applicable, without such proceeds first being remitted to Debtor. Debtor will cooperate with the Lenders in the transfer to the Lenders of all Remaining Property and will use commercially reasonable efforts to provide the Lenders with all necessary additional, back-up or other information and documents to effect such transfers and preserve and maintain the value of the Remaining Property.

10. **Order Binding on Counterparties**. This Order is binding on all counterparties to any Accounts, all counterparties to any executory contract or unexpired lease of Debtor, and any person or entity in possession of any Remaining Property, Additional Property, Collateral, or any other property of Debtor. The Lenders hereby are authorized to take any and all actions they deem reasonably appropriate or necessary to receive, collect on, and/or liquidate any Remaining Property surrendered to the Lenders in accordance with this Order, including, but not limited to, acting as Debtor's agent or in the name of Debtor to the extent necessary to collect amounts due under any surrendered Account or deposit any related check or other instrument payable to the order of Debtor.

11. **Return of Retainers**. Following the approval by the Court in a final order of the final fee application of any professional retained by Debtor or the Committee, any retainer or other cash held in escrow by such professional in excess of the amount finally approved by the Court as allowable fees and expenses shall be remitted to the Lenders within twenty (20) days following entry of such final order.

12. **Headquarters Lease Rejection**. The lease for the premises of Debtor's headquarters location (the "Headquarters Lease") shall be deemed rejected as of November 30, 2013. Subject to paragraph 15, below, all of Debtor's records in any form, electronic or otherwise, shall remain at the Headquarters location following the rejection of the Headquarters Lease, provided that following rejection of the Headquarters Lease, the Lenders shall, upon reasonable notice, shall make available to Debtor, including without limitation Debtor's representatives, agents, employees, attorneys, insurers, successors and assigns, including any liquidating trustee appointed by the Bankruptcy Court, all such records and shall provide access to the Headquarters location during business hours, to enable the Debtor to wind up its affairs, administer the bankruptcy estate, prepare taxes, reports, respond to legal process or subpoenas, and to investigate and defend claims. The Lenders' obligations with respect to records access provided in this paragraph shall terminate on the earlier to occur of (a) the dismissal or closure of the Debtor's bankruptcy case or (b) January 31, 2015.

13. **Real Property**. On October 9, 2013, Debtor filed *Debtor's Motion For Entry of an Order Pursuant to §§ 105 and 363 Authorizing and Approving the Sale of Certain Real Property Free and Clear of All Liens, Claims and Encumbrances and Granting Related Relief* [Docket No. 634] (the "Real Property Sale Motion"). As explained in the Real Property Sale Motion, Debtor owns two parcels of real property (the "Real Property") on which it previously operated two grocery stores. The Real Property is not part of the assets being sold to AWG pursuant to the APA. Debtor has entered into agreements for the sale of the Real Property (the "Real Property Sale Agreements"), the approval of which is the subject of the Real Property Sale Motion. The Real Property shall not be subject to the provisions of this Order that apply to Remaining Property, provided, however, that the Lenders shall serve as Debtor's agent with

respect to the Real Property and with respect to Debtor's obligations under the Real Property Sale Agreements, and the Lenders are fully authorized to act on behalf of the Debtor in every manner with respect to the consummation of the sales (the "Real Property Sales") contemplated by the Real Property Sale Agreements. Debtor shall execute any and all documents and instruments necessary for the Lenders to consummate the Real Property Sales in accordance with the Real Property Sale Agreements, and shall otherwise cooperate fully with the Lenders with respect thereto. In the event that the non-Debtor counterparties to the Real Property Sale Agreements fail to consummate the Real Property Sales, title to the Real Property shall be deemed to transfer from Debtor to the Lenders subject to paragraph 6 herein without further order of the Court.

14. **Reduction of Obligations**. All property that is surrendered to the Lenders in accordance with this Order, or its realized value, as applicable, shall be applied by the Lenders to reduce the amount outstanding under the DIP Obligations in accordance with paragraph 23 of the Final DIP Order, then to reduce the amount of any other claims the Lenders have asserted or may in the future assert against the estate. On or before **November 4, 2013**, the Lenders shall provide a report to counsel to Debtor and counsel to the Committee setting forth the total estimated amount of the Lenders' claim(s) against the estate—including, but not limited to, the DIP Obligations and any claims for rejection damages—and the total amount of credits applied against those claims—including, but not limited to, adequate protection payments, allowed setoffs, and proceeds received from the sale of Collateral. For the avoidance of doubt, and consistent with paragraph 21 of the Final DIP Order, subject to the reporting requirements provided in this paragraph, Lenders shall not be subject to any order of the Court setting

deadlines to file a proof of claim, including this Court's order dated August 29, 2013 [Docket. No. 428].

15. **Cooperation With Asset Purchaser(s) and Lease Counterparties**. Nothing in this Order is intended to nor shall be deemed to alter the terms of the Sale Order or any orders (the "Assignment Orders") approving the assumption and assignment of any unexpired leases or executory contracts of Debtor. To the extent that any portion of any Remaining Property transferred to the Lenders in accordance with this Order is required to be remitted or transferred to AWG, to any other ultimate purchaser(s) of Debtor's assets, or any counterparties to leases or executory contracts assumed and assigned by Debtor, in accordance with the terms of the Sale Order and/or Assignment Orders, the Lenders shall make such remittances or transfers and shall otherwise cooperate with any such purchaser or counterparty with respect to the same.

16. **Challenge Rights Unaffected**. Nothing in this Order is intended to nor shall be deemed to affect the Committee's Challenge rights provided in paragraph 24 of the Final DIP Order, or any stipulation, agreement, or further order with respect to the same. For the avoidance of doubt, and consistent with paragraph 7 of the Final DIP Order, any unwinding, recharacterization, or disgorgement ordered by the Court pursuant to a successful Challenge shall apply only in respect of the Roll Up and shall not apply in respect of any other Loans under the DIP Facility, including any Extended DIP Loans. For the further avoidance of doubt, as provided in paragraph 8 of the Final DIP Order, no amount under the DIP Facility, including the Extended DIP Loans, may be used to commence a Challenge.

17. **No Further Commitment**. Nothing in this Order is or shall be deemed to be a commitment by the Lenders to consent to the use of their Collateral, including Cash Collateral, other than according to the terms of this Order and the Final DIP Order. Nothing in this Order is

or shall deemed to be a commitment by the Lenders to further provide financing, in any form, to Debtor during the pendency of this chapter 11 proceeding, except as otherwise expressly provided herein. Furthermore, nothing in this Order, or the Lenders' consent to the entry hereof, is or shall be deemed to be evidence of any consent by the Lenders to the use of the Collateral, including Cash Collateral, for any period of time subsequent to the Extended Maturity Date.

18.     **<u>No Implied Modifications</u>**.  To the extent not inconsistent with the terms of this Order, the terms of the Final DIP Order remain in full force and effect.  For the avoidance of doubt, except as otherwise expressly provided for herein, nothing herein shall be deemed to be an implied modification of any term of the Final DIP Order.

19.     **<u>Survival of Order</u>**.  The terms of this Order shall survive entry of any order converting Debtor's case under Chapter 11 to Chapter 7 and any reconversion to Chapter 11. This Order is binding on all successors and assigns of Debtor, including any chapter 7 trustee or other trustee that may be appointed in this or any converted or reconverted bankruptcy case.

Dated this the _____ of _____, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A

{369.012-W0028263.3}

**Belle Foods, LLC**
**Cash Flow Budget**
**(000'S)**

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADJ. BEGINNING CASH BALANCE | 4,929 | 4,775 | 4,945 | 4,754 | 2,438 | 1,228 | 975 | 2,172 | 1,814 | 544 | 3,079 | 7,153 | 4,477 | 3,174 | 2,593 |
| *SELL Store Deposits* | | | | | | | | | | | | 475 | | | |
| *SELL Store Other Credits* | | | | | | | | | | | | 100 | | | |
| *CLOSED Store Deposits* | | | | | | | | | | | | 725 | | | |
| *CLOSED Store Other Credits* | | | | | | | | | | | | | | | |
| *Sales Tax Receipt* | | | | | | | | | | | | 96 | | | |
| *Operating Receipts* | 6,755 | 9,064 | 7,196 | 6,497 | 5,814 | 6,744 | 6,621 | 6,250 | 6,016 | 6,205 | 6,474 | | | | |
| *Asset Sales proceeds* | | | | | | | | | | 2,777 | 2,540 | | | | |
| Total Receipts (including sales proceeds) | | | | | | | | | 6,016 | 8,982 | 9,014 | | | | |
| *DIP Funding* | | | | | | | | | 500 | 810 | 690 | | | | |
| Total Receipts | 6,755 | 9,064 | 7,196 | 6,497 | 5,814 | 6,744 | 6,621 | 6,250 | 6,516 | 9,792 | 9,704 | 1,396 | - | - | - |
| *Operating Disbursements* | (6,909) | (8,929) | (7,387) | (8,813) | (7,024) | (6,997) | (5,424) | (6,609) | (7,786) | (4,480) | (2,652) | (4,072) | (1,302) | (581) | (1,804) |
| *Store Sales Proceeds due to C&S* | | | | | | | | | | (2,777) | (1,231) | | | | |
| *Reversal of prior week due to C&S* | | | | | | | | | | | 4,086 | | | | |
| *Store Sales transferred to C&S* | | | | | | | | | | | (4,086) | | | | |
| *Cash collected due sold stores* | | | | | | | | | | | (438) | | | | |
| *Adequate Protection Payments* | | | | | | | | | | | | | | | |
| Total Disbursements | (6,909) | (8,894) | (7,387) | (8,813) | (7,024) | (6,997) | (5,424) | (6,609) | (7,786) | (7,257) | (5,630) | (4,072) | (1,302) | (581) | (1,804) |
| ENDING CASH BALANCE (excl asset sales) | 4,775 | 4,945 | 4,754 | 2,438 | 1,228 | 975 | 2,172 | 1,814 | 544 | 3,079 | 7,153 | 4,477 | 3,174 | 2,593 | 789 |

*Remaining DIP*

**Asset Sales proceeds**

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *Beginning Balance* | | | | | | | | | | - | 2,777 | | | | |
| *Receipts* | | | | | | | | | | 2,777 | 2,540 | | | | |
| *Disbursements* | | | | | | | | | | | (4,086) | | | | |
| *Ending Balance* | | | | | | | | | | 2,777 | 1,231 | - | - | - | - |

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *SELL Stores Sales* | 5,127 | 5,423 | 5,574 | 5,315 | 5,241 | 5,455 | 6,386 | 5,311 | 4,647 | 2,438 | 1,379 | 475 | | | |
| *CLOSED Stores Sales* | 1,228 | 599 | 61 | - | - | - | - | - | - | 2,675 | 2,339 | 725 | | | |
| *Total Sales* | 6,356 | 6,022 | 5,635 | 5,315 | 5,241 | 5,455 | 6,386 | 5,311 | 4,647 | 5,113 | 3,718 | 1,200 | - | - | - |
| *Distribution* | | | | | | | | | | | | | | | |

**TAXES**

| | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| *BEGINNING BALANCE* | 1,226 | 1,583 | 1,977 | 2,392 | 1,066 | 1,481 | 1,917 | 2,428 | 2,853 | 1,605 | 2,014 | 2,119 | 743 | 743 | 743 |
| *OPEN Store Sales Tax Collections* | 357 | 394 | 415 | 389 | 415 | 436 | 511 | 425 | 372 | 409 | 105 | 96 | - | - | - |
| *SELL Store Sales Tax Collections* | | | | | | | | | | | | (1,472) | | | |
| *Sales Tax Payments* | | | | (1,715) | | | | | (1,620) | | | | | | (743) |
| *ENDING BALANCE* | 1,583 | 1,977 | 2,392 | 1,066 | 1,481 | 1,917 | 2,428 | 2,853 | 1,605 | 2,014 | 2,119 | 743 | 743 | 743 | (0) |

**CASH DISBURSEMENTS PROJECTION**

| | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Adequate Protection Payments | (150) | - | | | | | | | | | | | | | | | | | | |
| DSD purchases | (1,250) | (1,365) | (1,433) | (1,518) | (656) | 519 | 399 | (566) | (632) | (273) | (166) | (75) | | | | 75 | | | | |
| WHSE | (2,216) | (2,568) | (2,970) | (2,934) | (3,897) | (2,487) | (2,962) | (3,053) | (2,581) | (810) | (717) | (250) | | | | 250 | - | - | | |
| Repairs & Maint | (94) | (87) | (128) | (74) | (78) | (77) | (58) | (124) | (77) | (75) | (51) | (75) | | | | 75 | - | | | |
| Western Union | (1,010) | (1,376) | (931) | (831) | (833) | (1,566) | (819) | (625) | (569) | (717) | (356) | (100) | | (1) | | 100 | - | | | |
| Vendor Receivables | 83 | 175 | 63 | 189 | 358 | 278 | 52 | 296 | 69 | 273 | 144 | 50 | | | | (50) | - | | | |
| Sales / Property Tax | | | | (1,709) | (231) | (3) | | (763) | (834) | (50) | | (1,472) | | | (743) (2) | -743 | 1,472 | - | | |
| Payroll | (736) | (796) | (690) | (659) | (676) | (675) | (649) | (632) | (800) | (597) | (711) | (597) | (428) | (18) | (13) (3) | -13 | 597 | 428 | 18 | |
| Payroll Fed Taxes | (429) | (213) | (203) | (185) | (183) | (177) | (186) | (180) | (173) | (173) | | (213) | (213) | | | - | - | 213 | | |
| Union | (1) | (38) | | (1,709) | | | (33) | (345) | | | (33) | (160) | | (210) | | -210 | 360 | - | | |
| Medical/Dental Insurance | (103) | (111) | (118) | (72) | (80) | (91) | (24) | (204) | (175) | (103) | (70) | (70) | (70) | (70) | (70) | -70 | 70 | 70 | 70 | |
| Insurance | (144) | - | (23) | (12) | (27) | (68) | (45) | (15) | (655) | (133) | (35) | (10) | | - | | | 10 | - | | |
| Unitary Lease | (356) | - | - | - | (356) | - | - | - | - | (296) | - | - | | | | | - | - | | |
| STORE Capital Lease | - | (383) | - | - | | (192) | - | - | | (192) | - | - | | | (4) | | - | - | | |
| Other Store Leases | - | (906) | (436) | (10) | (38) | (404) | (77) | (10) | | (225) | (34) | - | | | (4) | | - | - | | |
| Office Leases | - | - | - | - | - | - | - | - | | (33) | - | - | | (33) | (4) | | - | - | 33 | - |
| Lease Cure Claim (July Rent) | - | - | - | - | - | - | - | - | | (91) | - | - | | | | | - | - | | |
| Utilities | (25) | (144) | (197) | (156) | (82) | (617) | (110) | (71) | (131) | (436) | (276) | (270) | (270) | (310) | (630) | -630 | 270 | 270 | 310 | - |
| CAM RE Taxes | - | - | - | - | - | - | - | - | | (4) | - | - | | | | | - | - | | |
| Marketing | (25) | (114) | (70) | (107) | (62) | (58) | (61) | (75) | (55) | 7 | (17) | - | | | | | - | - | | |
| IT Services | (39) | (29) | (24) | (78) | - | (42) | (12) | (63) | (42) | (87) | (16) | (65) | (25) | (25) | (15) | -15 | 65 | 25 | 25 | - |
| Bank and Inventory Charges | - | - | - | - | - | - | - | (40) | (45) | (4) | - | (50) | (25) | | | | 50 | 25 | | |
| CC Fees & Bad check collection fees | (51) | (63) | (42) | (40) | (38) | (46) | (40) | (50) | (38) | (37) | (42) | (40) | | | | | 40 | - | | |
| Other Store Operating (Floor, laundry, per | - | - | (18) | - | - | | (11) | - | (14) | - | (24) | (17) | | | | | 17 | - | | |
| Supplies | (34) | (32) | (6) | (59) | (31) | (29) | (29) | (33) | (31) | (23) | (2) | (30) | | | | | 30 | - | | |
| Travel & Entertainment | - | - | - | - | - | - | - | - | - | - | - | - | | | | | - | - | | |
| Other AP | - | - | - | - | - | - | - | - | | | (50) | (25) | (25) | (5) (5) | | -5 | 50 | 25 | 25 | - |
| **TOTAL OPERATING DISBURSEMENTS** | (6,579) | (8,252) | (7,224) | (8,617) | (6,909) | (6,770) | (4,666) | (6,573) | (6,783) | (4,081) | (2,405) | (3,481) | (1,056) | (481) | (1,686) | -1686 | 3,481 | 1,056 | 481 | - |
| GOB Fees | - | (338) | (52) | (100) | - | - | 368 | 238 | | - | (300) | (126) | | | | | 300 | 126 | | |
| Legal Fees | (170) | (85) | - | - | - | (425) | (85) | (85) | (85) | (85) | (85) | (35) | (30) | (20) | | -20 | 85 | 35 | 30 | |
| Landis Rath Cobb | - | (100) | - | - | (50) | (200) | (50) | (50) | (50) | (50) | (50) | (35) | (30) | (20) | | -20 | 50 | 35 | 30 | |
| Creditor's Committee | - | (46) | - | - | - | (370) | (50) | (50) | (50) | (50) | (50) | (3) | (3) | (3) | | -3 | 50 | 3 | 3 | |
| Bankruptcy Administrator / Other Fees | - | - | - | - | - | (15) | - | - | | - | (30) | - | (30) | | | -30 | 30 | - | | |
| The Food Partners Fees | (110) | - | (19) | - | - | (110) | (15) | - | | (110) | (9) | - | | | | | - | - | | |
| Chief Restructuring Officer | (38) | (38) | (38) | (38) | (75) | (38) | (38) | (38) | (38) | (38) | (38) | (38) | (27) | (17) | (7) | -7 | 38 | 27 | 17 | - |
| Benefits | - | (1) | - | - | - | - | (40) | (1) | (0) | (40) | (0) | - | | | | | - | - | | |
| Miscellaneous | (12) | (38) | (54) | (58) | (40) | (30) | (38) | (50) | (30) | (27) | (15) | (19) | (20) | (20) | (38) | -38 | 39 | 20 | 20 | - |
| Leter of Credit C/D - moved to new bank | - | - | - | - | - | - | - | - | (750) | - | - | | | | | | - | - | | |
| Other | (12) | (35) | - | - | - | - | - | - | | | - | - | | | | 0 | - | - | | |
| | (342) | (678) | (163) | (196) | (115) | (227) | (757) | (35) | (1,003) | (399) | (247) | (591) | (246) | (100) | (118) | | | | | |
| | (6,921) | (8,929) | (7,387) | (8,813) | (7,024) | (6,997) | (5,424) | (6,609) | (7,786) | (4,480) | (2,652) | (4,072) | (1,302) | (581) | (1,804) | | | | | |
| | (12) | (35) | - | - | - | - | 0 | - | 0 | 2,777 | 2,978 | | | | | | | | | |
| CUMULATIVE DIP ADVANCES | | | | | | | | | 500 | 1,310 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | | | | | |

(1) assumes half a week lag for true-up
(2) includes payment of ending balance of sales tax
(3) includes additional week of payroll for week in arrears. Also reflects payroll reduction for store closing dates
(4) Some amount of October to be credited back
(5) Estimated, includes Hilco fees

NOTE:
Total DIP Draw:

| | |
|---|---|
| w/e 9/28 | 500 |
| w/e 10/05 | 810 |
| w/e 10/12 | 690 |
| w/e 10/19 | - |
| w/e 10/26 | - |
| w/e 11/2 | - |
| w/e 11/9 | - |
| Remaining DIP | 2,000 |

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have served a copy of the foregoing document on the attached Master Service List by Notice of Electronic Filing, U.S. First Class Mail or email as indicated on this the 18th day of October, 2013.


                /s/ Brent W. Dorner
                OF COUNSEL

**VIA ECF:**

Richard Blythe
Bankruptcy Administrator
United States Bankruptcy Court
Northern District of Alabama
P.O. Box 3045
Decatur, AL 35602
Richard_Blythe@alnba.uscourts.gov

Counsel for the Debtor Belle Foods, LLC
D. Christopher Carson
Marc P. Solomon
Brent W. Dorner
Burr & Forman LLP
420 N 20th Street, Suite 3400
Birmingham, AL 35203
ccarson@burr.com
msolomon@burr.com
bdorner@burr.com

Counsel for Southern Family Markets, LLC and
C&S Wholesale Grocers, Inc.
David K. Bowsher
Richard P. Carmody
Russell J. Rutherford
Adams and Reese LLP
1901 6th Avenue North, Suite 3000
Birmingham, AL 35023
david.bowsher@arlaw.com
richard.carmody@arlaw.com
russell.rutherford@arlaw.com

Counsel for Southern Family Markets, LLC and C&S
Wholesale Grocers, Inc.
Richard S. Cobb
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19899
cobb@lrclaw.com

Counsel for Mrs. Stratton's Salads, Inc., BTC Wholesale
Distributors, Inc., Southern Food Groups, LLC (d/b/a
Brown's Dairy), Purity Dairies, LLC, Dean Dairy
Holdings, LLC (d/b/a Barber Dairies) and Mayfield Dairy
Farms, LLC
Stephen B. Porterfield
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, AL 35205
sporterfield@sirote.com

Counsel for Aronov Realty Management, Inc. and
Gulfdale Improvements, LLC
David L. Pollack
Ballard Spahr LLP
51st Floor - Mellon Bank Center
1735 Market Street
Philadelphia, PA 19103
pollack@ballardspahr.com

Counsel for Retail, Wholesale & Department Store
Union, Mid-South Council
George N. Davies
Quinn, Connor, Weaver, Davies & Rouco LLP
Mountain Brook Center, Suite 380
2700 Highway 280 East
Birmingham, AL 35223
gdavies@qcwdr.com

Counsel for SunTrust Bank
Ronald G. Steen, Jr.
Stites & Harbison PLLC
401 Commerce Street, Ste. 800
Nashville, TN 37219
ronald.steen@stites.com

Counsel for Gulf Market Development, LLC, Saraland Loop
Road, L.L.C., Tuttle Papock Springhill, LLC, Northside, Ltd.,
John White-Spunner, The John White-Spunner Children's Trust,
The Extended Trust Agreement f/b/o Jay White-Spunner's
Children Dated October 31, 2002, Jay E, L.L.C., John Rudolph
Turner, and Marl M. Cummings, III
David A. Boyett, III
Anders, Boyett & Brady, P.C.
One Maison Suite 203
3800 Airport Boulevard
Mobile, AL 36608
dboyett@abblawfirm.com

Counsel for Pinebrook Properties, LLC, Goldring Gulf
Distributing, LLC, Allstate Beverage Co., LLC and Gulf
Distributing Co. of Mobile, LLC
Lawrence B. Voit
Silver, Voit & Thompson, Attorneys at Law, P.C.
4317-A Midmost Drive
Mobile, AL 36609-5589
lvoit@silvervoit.com

2101773 v8

Counsel for Golden Flake Snack Foods, Inc.
Walter F. McArdle
Spain & Gillon, LLC
2117 Second Avenue North
Birmingham, Alabama 35203
wfm@spain-gillon.com

Counsel for Graphic Media Solutions LLC
John C. Pennington
John C. Pennington, P.C.
18 Yonah Street
Helen, GA 30545
jcppc@windstream.net

Counsel for Wright/Hurd Properties, LLC
Randolph M. Fowler
Phelps, Jenkins, Gibson & Fowler, L.L.P.
P. O. Box 020848
Tuscaloosa, AL 35402-0848
rfowler@pjgf.com

Counsel for Cal-Maine Foods, Inc.
Justin B. Little
Reynolds, Reynolds & Little, LLC
P.O. Box 2863
Tuscaloosa, AL 35403-2863
jlittle@rrllaw.com

Counsel for Community Coffee Company, L.L.C.
David S. Rubin
Kantrow, Spaht, Weaver & Blitzer (APLC)
P.O. Box 2997
Baton Rouge, LA 70821-2997
david@kswb.com

Counsel for Green Springs, Ltd.
Walter F. Scott, III
Galloway, Scott, Moss & Hancock, LLC
2200 Woodcrest Place, Suite 310
Birmingham, AL 35209
wfs3@gallowayscott.com

Counsel for Flowers Baking Co. of Thomasville, LLC,
Flowers Baking Co. of Villa Rica, LLC, Flowers Baking
Co. of Birmingham, LLC, Flowers Baking Co. of
Tuscaloosa, LLC, Flowers Baking Co. of New Orleans,
LLC and Derst Baking Company, LLC
Todd C. Meyers
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309-4530
tmeyers@kilpatricktownsend.com

Counsel for Flowers Baking Co. of Thomasville, LLC,
Flowers Baking Co. of Villa Rica, LLC, Flowers Baking
Co. of Birmingham, LLC, Flowers Baking Co. of
Tuscaloosa, LLC, Flowers Baking Co. of New Orleans,
LLC and Derst Baking Company, LLC
Mark P. Williams
Norman, Wood, Kendrick and Turner
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
mpwilliams@nwkt.com

Counsel for Alabama Power Company
Eric T. Ray
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201
eray@balch.com

Attorney for Marilyn E. Wood, Mobile County
Revenue Commissioner
Christopher Kern
P.O. Box 48
Mobile, AL 36601
chriskernlaw@comcast.net

Counsel for Green Springs, Ltd.
Rita H. Dixon
217 Country Club Park, PMB 515
Birmingham, AL 35213
ritadixon10@gmail.com

Counsel for Trav-Ad Signs & Electric, Inc.
Angela S. Ary
Heard Ary, LLC
307 Clinton Ave. W., Suite 310
Huntsville, AL 35801
aary@heardlaw.com

Counsel for Mercury Retail Services, LLC and The
News Group, LP
Jesse S Vogtle, Jr.
Balch & Bingham, LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203-4642
jvogtle@balch.com

Counsel for Airgas USA, LLC
Kathleen M. Miller
Smith, Katzenstein & Jenkins LLP
The Corporate Plaza
800 Delaware Avenue, Suite 1000
Wilmington, DE 19899
Kmiller@skfdelaware.com

Counsel for Nalley-Garrett Cochran, LLC
Jean Winborne Boyles
Johnson, Hearn, Vinegar, Gee & Glass, PLLC
P.O. Box 1776
Raleigh, NC 27602
jboyles@jhvgglaw.com

Counsel for S & L Mechanical, Inc.
William M. Hancock
Wolfe, Jones, Conchin, Wolfe, Hancock & Daniel, LLC
905 Bob Wallace Avenue
Huntsville, AL 35801
bankruptcy@wolfejones.com

Co-Counsel for the Official Committee of
Unsecured Creditors
R. Scott Williams
Jennifer B. Kimble
Haskell Slaughter Young & Rediker, LLC
2001 Park Place, Suite 1400
Birmingham, AL 35203
rsw@hsy.com
jk@hsy.com

Co-Counsel for the Official Committee of Unsecured
Creditors
David M. Posner
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10169
dposner@oshr.com

Counsel for Electronic Imaging Services, Inc. d/b/a/
Vestcom Retail Solutions
James G. Henderson
Pritchard, McCall & Jones, L.L.C.
505 North 20th Street, Suite 800
Birmingham, AL 35203
jamesh@pm-j.com

Counsel for Red Diamond, Inc.
M. Lee Johnsey, Jr.
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201
ljohnsey@balch.com

Counsel for Thomas Dudley
S. Dagnal Rowe
P.O. Box 2168
Huntsville, AL 35804
drowe@wilmerlee.com

Counsel for Decatur Coca-Cola Bottling Company
Travis Stuart Jackson
Lanier, Ford, Shaver & Payne, P.C.
P.O. Box 2087
Huntsville, AL 35805
tsj@lanierford.com

Counsel for ACE American Insurance Company
David B. Anderson
Anderson Weidner, LLC
505 20th Street North, Suite 1450
Birmingham, AL 35203-4635
dbanderson@andersonweidner.com

Counsel for Baldwin EMC
W. Alexander Gray, Jr.
Silver, Voit & Thompson, Attorneys at Law, P.C.
4317-A Midmost Drive
Mobile, AL 36609
agray@silvervoit.com

Counsel for Pensecola Supermarket Owners, LLC
R. Garth Ferrell
Mallgren & Ferrell, P.C.
8480 East Orchard Road, Suite 6500
Greenwood Village, CO 80111-5014
gferrell@mallgrenferrell.com

Counsel for Riverchase Lorna, L.P.
Robert Fehse
David J. Cocke
Evans Petree, PC
1000 Ridgeway Loop Road, Suite 200
Memphis, TN 38120
rfehse@evanspetree.com
dcocke@evanspetree.com

Counsel for STORE SPE Belle, LLC
Lisa M. Peters
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102
lisa.peters@kutakrock.com

Counsel for Lynn Haven Development Corporation
Thomas A. Nettles, IV
Espy, Nettles, Scogin and Brantley, P.C.
P.O. Box 2786
Tuscaloosa, AL 35403
tanttls@bellsouth.net

Counsel for Bright-Meyers Dublin Associates, L.P.
Nicholas W. Whittenburg
Miller & Martin PLLC
832 Georgia Avenue, Suite 1000
Chattanooga, TN 37402-2289
nwhittenburg@millermartin.com

Counsel for Pepsi Cola Decatur, LLC
Steven C. Sasser
Blackburn, Maloney & Schuppert, LLC
P.O. Box 1469
Decatur, AL 35602-1469
ssasser@bmsatty.com

Counsel for Mobile County License Commissioner
Missty C. Gray
Adams and Reese LLP
P.O. Box 1348
Mobile, Alabama 36633
missty.gray@arlaw.com

Counsel for Scottsboro Electric Power Board
John F. Porter, III
John F. Porter, III, P.C.
123 East Laurel Street
Scottsboro, AL 35768
jfplaw@scottsboro.org

Counsel for Associated Wholesale Group, Inc.
Mark Benedict
Husch Blackwell, LLP
4801 Main Street, Suite 1000
Kansas City, MO 64112
mark.benedict@huschblackwell.com

Counsel for City of Hoover, Alabama
April B. Danielson
Waldrep Stewart & Kendrick, LLC
2323 Second Avenue North
Birmingham, AL 35203
adanielson@wskllc.com

Counsel for MRPM Cullman Services, LLC, Cullman
Shopping Center, Inc., Spina Marketing Services, Inc.,
and Meridian Energy Group, LLC
Daniel D. Sparks
Bradley R. Hightower
Christian & Small LLP
505 North 20th Street, Suite 1800
Birmingham, AL 35203
ddsparks@csattorneys.com
brh@csattorneys.com

Counsel for Frito-Lay North America, Inc. and Bottling
Group, LLC operating collectively with affiliates and their
subsidiaries as Pepsi Beverages Company
Joseph D. Frank
Frankgecker LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
jfrank@fgllp.com

Counsel for James Beard and Sandra Beard
E.B. Harrison Willis
Cloud & Tidwell, LLC
201 Beacon Parkway West, Suite 400
Birmingham, Alabama 35209
hwillis@cloudtidwell.com

Counsel for 4324 Lillian Hwy LLC c/o Waterstone
Southeast Holding Company LLC
A. Todd Darwin
Holcombe Bomar, P.A.
Post Office Drawer 1897
Spartanburg, SC 29304
tdarwin@holcombebomar.com

Counsel for S & P of Macon, Inc.
Judson E. Crump
25029 Planters Drive
Daphne, AL 36526
jecrump.attorney@gmail.com

Counsel for Gershman Properties, LLC
John P. Kreis
John P. Kreis, PC
601 W. 5th St., 8th Floor
Los Angeles, CA 90071
jkreis@kreislaw.com

Counsel for Microsoft Corporation and Microsoft
Licensing GP
Maria A. Milano
Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192
mmilano@riddellwilliams.com

Counsel for Donna Landis
Dana Rizor Burton
Higgs & Emerson
405 Franklin Street
Huntsville, AL 35801
dburton@higgsandemerson.com

Counsel for Riverchase Lorna, L.P.
J. Leland Murphree
Jayna Partain Lamar
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
lmurphree@maynardcooper.com
jlamar@maynardcooper.com

Counsel for Koninklijke Ahold N.V.
Patrick Darby
James P. Watkins
Bradley Arant Bout Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
pdarby@babc.com
jwatkins@babc.com

Counsel for HPA St. Francis, LLC and HPA
Northridge, LLC
Jackson E. Duncan, III
Jackson E. Duncan, III, LLC
P.O. Box 16010
Huntsville, AL 35802
jduncan@jedllc.com

Counsel for Cloverdale Station, Inc.
Christopher L. Hawkins
Bradley Arant Bout Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
chawkins@babc.com

Counsel for Balboa Retail Partners, LLC and BRNK
Tuscaloosa, LLC
Lisa Wolgast
Morris, Manning & Martin, LLP
3343 Peachtree Road, N.E., Suite 1600
Atlanta, GA 30326
lwolgast@mmmlaw.com

Counsel for McCormick & Company, Inc.
Jay R. Bender
Bradley Arant Bout Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
jbender@babc.com

Counsel for Rainbow Plaza Associates, Ltd.
John W. Jennings, Jr.
Jennings & Millican, P.C.
111 South 10th Street
Gadsden, AL 35901
jr6608@bellsouth.net

Counsel for State of Alabama Department of Revenue
Mark Griffin
General Counsel
P.O. Box 320001
Montgomery, AL 36132-0001
mark.griffin@revenue.alabama.gov

**VIA EMAIL (EQUITY SECURITY HOLDERS):**

Jeffrey D. White
671 Summit Point
Birmingham, AL 35226
jeffwhitex@gmail.com

Jeffrey D. White Children's Trust
671 Summit Point
Birmingham, AL 35226
jeffwhitex@gmail.com

William D. White
2548 Willow Brook Circle
Birmingham, AL 35242
BelleFoods@aol.com

William D. White Children's Trust
2548 Willow Brook Circle
Birmingham, AL 35242
BelleFoods@aol.com

**VIA E-MAIL:**

STORE SPE Belle, LLC
Michael T. Bennett, Executive VP - Operations
8501 E. Princess Drive, Suite 190
Scottsdale, AZ 85255
mbennett@storecapital.com

STORE Capital
Michael J. Zieg, Executive VP-Portfolio Management
8501 E. Princess Drive, Suite 190
Scottsdale, AZ  85255
mzieg@storecapital.com

Counsel for STORE SPE Belle, LLC
Jeff Wegner
Kutak Rock LLP
1650 Farnam Street
Omaha, NE 68102
jeffrey.wegner@kutakrock.com

Counsel for Southern Family Markets, LLC and C&S
Wholesale Grocers, Inc.
Jeffery S. DeArman
Adams and Reese LLP
1901 6th Avenue North, Suite 3000
Birmingham, AL 35023
jeffery.dearman@arlaw.com

Counsel for Flowers Baking Co. of Thomasville, LLC,
Flowers Baking Co. of Villa Rica, LLC, Flowers Baking
Co. of Birmingham, LLC, Flowers Baking Co. of
Tuscaloosa, LLC, Flowers Baking Co. of New Orleans,
LLC and Derst Baking Company, LLC
Matthew W. Levin
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, NE, Suite 2800
Atlanta, GA 30309-4530
mlevin@kilpatricktownsend.com

Counsel for Southern Family Markets, LLC and C&S
Wholesale Grocers, Inc.
Jeffrey R. Drobish
Matthew B. McGuire
Landis Rath & Cobb LLP
919 Market Street, Suite 1800
Wilmington, DE 19899
drobish@lrclaw.com
mcguire@lrclaw.com

Counsel for Southern Food Groups, LLC (d/b/a Brown's
Dairy), Dean Dairy Holdings, LLC (d/b/a Barber Dairies
and d/b/a Purity Dairies, LLC) and Mayfield Dairy Farms,
LLC
Mark H. Ralston
Estes, Okon, Thorne & Carr, PLLC
3500 Maple Avenue, Suite 1100
Dallas, TX 75219
mralston@estesokon.com

Co-Counsel for the Official Committee of Unsecured
Creditors
Gianfranco Finizio
Scott L. Hazan
Jessica M. Ward
Otterbourg, Steindler, Houston & Rosen, P.C.
230 Park Avenue
New York, NY 10169
gfinizio@oshr.com
shazen@oshr.com
jward@oshr.com

Counsel for Community Coffee Company, L.L.C.
W. Carlos Spaht
Kantrow, Spaht, Weaver & Blitzer (APLC)
P.O. Box 2997
Baton Rouge, LA 70821-2997
carlos@kswb.com

Counsel for Mercury Retail Services, LLC
Peter C. D'Apice
Stutzman, Bromberg, Esserman & Plifka PC
2323 Bryan Street, Suite 2200
Dallas, TX 75201
d'apice@sbep-law.com

Airgas USA, LLC
David Boyle
259 Radnor-Chester Road, Suite 100
Radnor, PA 19087
david.boyle@airgas.com

IBM Corporation
Patricia Di Bello
National Bankruptcy Coordinator
275 Viger East, Suite 400
Montreal, Quebec H2X 3R7
Canada
pdibello@ca.ibm.com

Counsel for Retail, Wholesale & Department Store
Union, Mid-South Council
Amy D. Gundlach
Quinn, Connor, Weaver, Davies & Rouco LLP
Mountain Brook Center, Suite 380
2700 Highway 280 East
Birmingham, AL 35223
agundlach@qcwdr.com

Counsel for Electronic Imaging Services, Inc. d/b/a/
Vestcom Retail Solutions
Brian Rosenthal
Rose Law Firm
120 East Fourth Street
Little Rock, AR 72201-2893
brosenthal@roselawfirm.com

Counsel for Gershman Properties, LLC
Kenneth J. Schelberg
Schelberg & Ross LLP
15048 Rayneta Drive
Sherman Oaks, California 91403
kschelberg@schelross.com

The Food Partners, LLC
Matthew S. Morris
5335 Wisconsin Avenue, NW, Suite 410
Washington, DC 20015
msmorris@thefoodpartners.com

Counsel for Mondelez Global, LLC
Glenn C. Thompson
Hamilton Stephens Steele & Martin, PLLC
201 South College Street, Suite 2020
Charlotte, NC 28244
gthompson@lawhssm.com

Counsel for Frito-Lay North America, Inc. and Bottling
Group, LLC operating collectively with affiliates and their
subsidiaries as Pepsi Beverages Company
Jeremy C. Kleinman
Frankgecker LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
jkleinman@fgllp.com

Compass Bank
c/o Ascension Capital Group
Account: XXXXX0967
P.O. Box 201347
Arlington, TX 76006
ecfnotices@ascensioncapitalgroup.com

Counsel for Pensecola Supermarket Owners, LLC
Anthony K. Mallgren
Mallgren & Ferrell, P.C.
8480 East Orchard Road, Suite 6500
Greenwood Village, CO 80111-5014
amallgren@mallgrenferrell.com

The Food Partners, LLC
James Floyd
7000 David Lane
Colleyville, TX 76034
jfloyd@thefoodpartners.com

Counsel for Pepsi Cola Decatur, LLC
Kenneth M. Schuppert, Jr.
Blackburn, Maloney & Schuppert, LLC
P.O. Box 1469
Decatur, AL 35602-1469
kschuppert@bmsatty.com

Counsel for Koninklijke Ahold N.V.
John K. Cunningham
Kevin M. McGill
White & Case LLP
Southeast Financial Center
200 South Biscayne Boulevard, 49th Floor
Miami, FL 33131
jcunningham@whitecase.com
kmcgill@whitecase.com

Counsel for Donna Landis
Jay E. Emerson, Jr.
Higgs & Emerson
405 Franklin Street
Huntsville, AL 35801
emerson@higgsandemerson.com

**VIA U.S. MAIL (STORE LANDLORDS):**

COMM 2006-FL12 Grocery Stores Master SPE, LLC
Steven D. Ferreira, RPA
LNR Partners, LLC
1601 Washington Ave, Suite 700
Miami Beach, FL 33139

Starkville Grocery Owners LLC
c/o AAG Management
421 7th Avenue
New York, NY  10001

Multiple Properties LTD
c/o Cummings & Associates, Inc.
P.O. Drawer 16227
Mobile, AL  36616-0227

COMM 2006-FL12 Grocery Stores Master SPE, LLC
c/o McKinley, Inc.
PO Box 3125
Ann Arbor, MI 48106-3125

Highway 69 Properties LLC
402 17th Avenue
Tuscaloosa, AL  35401

Rochester-Mobile LLC and Salzman-Mobile LLC
c/o Calkain Asset Management
11150 Sunset Hills Rd, Ste 300
Reston, VA 20190

Mount Corporation
132 Bala Avenue
Bala Cynwyd, PA 19004

B&D Associates II, LLC
P.O. Box 307
Ashburn, GA 31714-0307

BRC Dublin, LLC
c/o Blue Ridge Capital LLC
3715 Northside Parkway, Ste. 2-450
Atlanta, GA 30327

**VIA U.S. MAIL:**

Internal Revenue Service
District Director - Northern District of Alabama
P.O. Box 7346
Philadelphia, PA 19101-7346

Counsel for IBM Credit LLC
Paul Wearing
Special Handling Group - MD NC317
6303 Barfield Road
Atlanta, GA 30328

GE Capital Information Technology Solutions, Inc.
f/d/b/a IKON Financial Services
Christine Etheridge
Bankruptcy Administration
1738 Bass Road
Macon, GA 31208